UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY D. WILLIAMS** | **CIVIL ACTION** |
| **versus** | **NO. 11-1777** |
| **N. BURL CAIN, WARDEN** | **SECTION: "I" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Corey D. Williams, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 22, 1999, he was convicted of attempted carjacking under

Louisiana law.[1] On March 6, 2000, he was found to be a third offender and was sentenced as such to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] On November 9, 2001, the Louisiana First Circuit Court of Appeal affirmed that conviction, habitual offender adjudication, and sentence.[3] The Louisiana Supreme Court then denied petitioner's related writ application on February 7, 2003.[4]

On February 6, 2004, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[5] Petitioner later supplemented the application *pro se*.[6] That application was denied on January 26, 2010.[7] His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on April 26, 2010,[8] and by the Louisiana Supreme Court on May 6, 2011.[9]

---

[1] State Rec., Vol. VII of VII, transcript of April 22, 1999, pp. 196-97; State Rec., Vol. II of VII, minute entry dated April 22, 1999; State Rec., Vol. V of VII, jury verdict form.

[2] State Rec., Vol. II of VII, transcript of March 6, 2000; State Rec., Vol. II of VII, minute entry dated March 6, 2000; State Rec., Vol. V of VII, Reasons for Judgment dated March 17, 2000.

[3] State v. Williams, No. 2001 KA 0035 (La. App. 1st Cir. Nov. 9, 2001); State Rec., Vol. IV of VII.

[4] State v. Williams, 836 So.2d 84 (La. 2003) (No. 2002-KO-0083); State Rec., Vol. IV of VII.

[5] State Rec., Vol. IV of VII.

[6] State Rec., Vol. III of VII.

[7] State Rec., Vol. III of VII, Order with Reasons dated January 26, 2010.

[8] State v. Williams, No. 2010 KW 0338 (La. App. 1st Cir. Apr. 26, 2010); State Rec., Vol. III of VII.

[9] State *ex rel.* Williams v. State, 62 So.3d 123 (La. 2011) (No. 2010-KH-1077); State Rec., Vol. III of VII.

On or about July 6, 2011, petitioner filed the instant federal *habeas corpus* application.[10] The state concedes that petitioner's application is timely and that he has exhausted his remedies in state court.[11]

Facts

The underlying facts of petitioner's crime are not relevant to the claim asserted in the instant petition, and, therefore, they need not be recounted herein. However, the Court notes that the facts were summarized in the opinion of the Louisiana First Circuit Court of Appeal on direct appeal.[12]

Petitioner's Claim

In his federal application, petitioner claims that he received ineffective assistance of counsel in the habitual offender proceeding. The state argues that petitioner's claim is procedurally barred.

Regarding federal *habeas* review of claims rejected by the state courts on procedural grounds, the United States Fifth Circuit Court of Appeals has explained:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must

---

[10] Rec. Doc. 3.

[11] Rec. Doc. 12, p. 3.

[12] State v. Williams, No. 2001 KA 0035, at p. 3 (La. App. 1st Cir. Nov. 9, 2001); State Rec., Vol. IV of VII.

> "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

In the instant case, petitioner's claim that he received ineffective assistance of counsel in the habitual offender proceedings was clearly denied by the state courts on procedural grounds. The state district court held:

> La.C.Cr.P. Art. 930.3 sets forth the grounds post-conviction relief. Subsections 2 through 7 are clearly inapplicable. Subsection 1 allows as grounds, the conviction being obtained in violation of the United States or Louisiana Constitutions. Collateral attack of an habitual offender sentence on the basis of the prior conviction is not cognizable in post-conviction proceedings. State ex rel Brown v. State, 870 So.2d 976 (2004); and State ex rel Melinie v. State, 665 So.2d 1172 (1996).[13]

The Louisiana First Circuit Court of Appeal followed suit in rejecting the related writ application, holding: "**WRIT DENIED**. See La. Code Crim. P. art. 930.3; **State ex rel. Melinie v. State**, 93-1380 (La. 1/12/96), 665 So.2d 1172."[14] Although the Louisiana Supreme Court thereafter denied relief without assigning reasons,[15] "[w]here there has been one reasoned state judgment rejecting a

---

[13] State Rec., Vol. III of VII, Order with Reasons dated January 26, 2010.

[14] State v. Williams, No. 2010 KW 0338 (La. App. 1st Cir. Apr. 26, 2010); State Rec., Vol. III of VII.

[15] State ex rel. Williams v. State, 62 So.3d 123 (La. 2011) (No. 2010-KH-1077); State Rec., Vol. III of VII.

federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground." Finley, 243 F.3d at 218.

In light of the foregoing, it is beyond cavil that petitioner's claim was rejected based on article 930.3 and the Melinie decision. Federal courts have generally held that article 930.3 and the Melinie decision are independent and adequate state rules to support the application of a procedural bar. See, e.g., Hull v. Stalder, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); Taylor v. Cain, Civ. Action No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sept. 10, 2008); Williams v. Cain, Civ. Action No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008); Madina v. Cain, Civ. Action No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006); Johnson v. Andrews, Civ. Action No. 05-0413, 2006 WL 2294864, at *4 (E.D. La. Aug.4, 2006); Williams v. Miller, Civ. Action No. 05-0086, 2006 WL 2087867, at *9 (E.D. La. July 24, 2006); Dedmond v. Cain, Civ. Action No. 03-3375, 2005 WL 1578086, at *8 (E.D. La. June 30, 2005); Leonard v. Hubert, Civ. Action No. 00-0511, 2001 WL 333123, at *7 (E.D. La. Apr. 4, 2001).

That said, the undersigned is troubled by imposition of the bar under the facts of this case. As noted, petitioner's claim involves ineffective assistance of counsel, a type of claim which Louisiana courts have often expressly encouraged litigants to save for post-conviction review. Therefore, although abundant authority clearly exists to support the state's position the procedural bars imposed are adequate even with respect to such claims, that view is not unassailable. A detailed analysis of the points of contention on this issue can be found in the recent decision of Cobb v. Stalder, Civ. Action No. 10-4556, 2011 WL 3654402, at *7-9 (E.D. La. Aug. 2, 2011) (Moore,

M.J.), adopted, 2011 WL 3664659 (E.D. La. Aug. 18, 2011) (Engelhardt, J.). However, a federal *habeas* court need not determine whether a claim is in fact procedurally barred when, as here, the claim clearly fails on the merits. See Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Wiley v. Puckett, 969 F.2d 86, 104 (5th Cir. 1992); Corzo v. Murphy, Civ. Action No. 07–7409, 2008 WL 3347394, at * 1 n.5 (E.D. La. July 30, 2008). Accordingly, the undersigned recommends that, out of an abundance of caution, the Court simply pretermit a decision on whether the claim is in fact procedurally barred and instead deny the claim on the merits for the following reasons.

As noted, petitioner claims that his counsel was ineffective in the habitual offender proceedings. The United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 697 (1984). Petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. Strickland, 466 U.S. at 697.

To prevail on the deficiency prong of the Strickland test, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d

855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

To prevail on the prejudice prong of the Strickland test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793.

In the instant case, the state filed a multiple bill of information alleging that petitioner had three prior felony convictions: simple burglary on November 18, 1992; possession of cocaine on May 11, 1994; and simple criminal damage to property on May 11, 1994. Louisiana law requires an accused person to file a written response to a multiple bill of information if he claims that one or more of the predicate convictions charged in the multiple bill is invalid. La.Rev.Stat.Ann. §

15:529.1(D)(1)(b). Petitioner claims that his counsel was ineffective for failing to file such a written response in this case. That claim fails for several reasons.

First, contrary to petitioner's allegations, written objections to the multiple bill of information *were* filed by defense counsel on November 24, 1999.[16] Moreover, those objections expressly included a challenge under Boykin v. Alabama, 395 U.S. 238 (1969), which is the very argument petitioner claims should have been made.[17] Therefore, petitioner's contention that no written response was filed is simply wrong.

Second, in any event, petitioner's claim is premised on another unproven contention, i.e. that his predicate conviction for possession of cocaine was invalid pursuant to Boykin. The record does not support that contention. The transcript from May 11, 1994, clearly shows that plaintiff pleaded guilty to the charges of possession of cocaine and simple criminal damage to property on that date.[18] That transcript further shows that, prior to entry of his pleas and pursuant to Boykin, he was expressly advised by the judge of the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers.[19] Petitioner's only contrary argument in support of his contention is that the caption of the transcript, which involved multiple cases of

---

[16] State Rec., Vol. II of VII. Those objections have the correct case name but the wrong case number in the caption. However, the minute entry from that same date makes clear that the objections were in fact filed in the instant case. State Rec., Vol. II of VII, minute entry dated November 24, 1999.

[17] The Court notes that defense counsel also filed additional objections on March 6, 2006. State Rec., Vol. II of VII.

[18] State Rec., Vol. I of VII, transcript of May 11, 1994, pp. 13-14, 23-24, and 38.

[19] State Rec., Vol. I of VII, transcript of May 11, 1994, pp. 8-10.

multiple defendants, failed to list the proper docket number for the cocaine case. However, petitioner, who bears the burden of proof in this proceeding, has failed to show that this was anything more than the court reporter's error, and he certainly has not shown that the cocaine conviction could not legitimately serve as a predicate conviction due to a <u>Boykin</u> violation or other constitutional infirmity.[20]

       Third, even if the cocaine conviction had been constitutionally infirm, petitioner cannot show that he was prejudiced by counsel's performance. As the state notes in its response,

---

[20] This Court notes that, on direct appeal, the Louisiana First Circuit Court of Appeal rejected petitioner's argument that the predicate convictions were infirm:

> The defendant's second pro se assignment of error is also without merit. **Boykin v. Alabama** requires that the defendant, when entering a guilty plea, knowingly waive his rights to the privilege against self-incrimination, a right to a trial by jury, and the right to confront one's accusers. If a defendant denies the allegations in the bill of information, the state has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when it was taken. If the state meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the state. <u>See</u> **State v. Carlos**, 98-1366, pp. 6-8 (La. 7/7/99), 738 So.2d 556, 559-560. The state met its initial burden by introducing evidence including the defendant's **Boykin** transcripts for each of the offenses listed on the multiple offender bill of information. The defendant did not present any affirmative evidence showing infringement of his rights or procedural irregularity in the pleas. Therefore, we find that the evidence presented by the state was sufficient to prove that the defendant was informed of all the requirements of **Boykin v. Alabama**.

<u>Williams</u>, No. 2001 KA 0035, at p. 9; State Rec., Vol. IV of VII.

petitioner was sentenced as only a *third* offender. Therefore, only two of the three predicate convictions charged in the multiple bill of information were necessary to support that adjudication. Petitioner does not seem to argue, and certainly has not shown, that either the simple burglary conviction or the simple criminal damage to property conviction was constitutionally infirm. Therefore, even if the Court were to assume that the cocaine conviction could not have legitimately served as a predicate conviction, there is no reasonable probability that the result of the proceeding would have been different. Rather, the record indicates that petitioner would still have been properly adjudicated and sentenced as a third offender based on the two other predicate convictions.[21]

---

[21] The Court further observes that, on direct appeal, the Louisiana First Circuit Court of Appeal noted as much is rejecting a similar argument based on the contention that the district court improperly used as predicate convictions two convictions from the same date, i.e. the possession of cocaine conviction and the simple criminal damage to property conviction, both of which occurred on May 11, 1994:

> In pro se assignment of error number one the defendant cites **State ex rel. Mims v. Butler**, 601 So.2d 649 (La. 1992) and the "one day, one conviction" rule of **State ex rel. Porter v. Butler**, 573 So.2d 1106 (La. 1991). This assignment of error is without merit. Although two of the defendant's convictions were entered on the same day, the defendant's bill of information lists three prior felony convictions and the defendant was sentenced as a third felony offender upon his fourth felony conviction. Therefore, the trial court did not err in sentencing the defendant as a third felony habitual offender.

Williams, No. 2001 KA 0035, at pp. 8-9; State Rec., Vol. IV of VII.

In light of the foregoing, petitioner has not shown either that his counsel performed deficiently or that prejudice resulted. Accordingly, his ineffective assistance of counsel claim should be rejected as meritless.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Corey D. Williams** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[22]

New Orleans, Louisiana, this third day of January, 2012.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.